IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE SEBASTIAN LORENZO,

Petitioner,

vs.

DONALD J. TRUMP, in their official capacity as President of the United States; TODD BLANCHE, in their official capacity as Secretary of the United States Department of Homeland Security; ALLEN GILL, in their official capacity as Field Office Director of Omaha office of United States Immigration and Customs Enforcement; MARK MULLIN, in their official capacity as Attorney General of the United States; DAVID VENTURELLA, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and JEROME KRAMER, in their official capacity as Warden of the Lincoln County Detention Center;

Respondents.

**4:26CV3383**

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Petitioner Jose Sebastian Lorenzo, a citizen of Guatemala, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Filing 1, and an Application for Issuance of Order to Show Cause, Filing 2, on November 13, 2026. His case was assigned to the undersigned later the same day. Filing 4. In his Petition, Sebastian Lorenzo alleges that he was unlawfully arrested without a warrant and subsequently placed in immigration detention pending removal proceedings, in violation of the Fourth Amendment, the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act (INA), and the Fourteenth Amendment. Filing 1 at 20–23. He seeks *inter alia* either his immediate release or in the alternative a hearing before an immigration

judge to consider his continued detention. Filing 1 at 23 (¶¶ 2, 5). For the reasons stated below, Sebastian Lorenzo's Application for Issuance of an Order to Show Cause and his Petition are denied without a response or a hearing because it appears from the Petition that he is not entitled to a writ of habeas corpus. 28 U.S.C. § 2243.

## I. INTRODUCTION

Sebastian Lorenzo alleges that he was born in Mexico and came to the United States in 2010 when he was 19 years old. Filing 1 at 4 (¶ 14). However, he elsewhere alleges concern that he might be "returned to Guatemala." Filing 1 at 3 (¶ 6); Filing 1-1 at 2 (I-213 identifying Sebastian Lorenzo's place of birth as Santa Eulalia, Guatemala, and stating that he is "a citizen of GUATEMALA"). He does not allege where or how he entered the United States and does not allege that he was admitted or paroled into the United States. The I-213 Record of Deportable/Inadmissible Alien submitted with Sebastian Lorenzo's Petition shows that Sebastian Lorenzo told a Deportation Officer "that he crossed the U.S. border illegally." Filing 1-1 at 3. Sebastian Lorenzo alleges that he lives with his wife and five children in Grand Island, Nebraska. Filing 1 at 2 (¶ 3).

Sebastian Lorenzo alleges that he "was detained during a traffic stop for an unknown reason which resulted in no criminal or traffic charges on September 8, 2026." Filing 1 at 6 (¶ 22). He alleges that "he was driving with a valid New Mexico drivers license," which he gave to the officer when he was stopped by the Nebraska State Patrol "around Grand Island, Nebraska." Filing 1 at 2 (¶ 2), 6 (¶ 23). He alleges that he "was arrested and detained by the Nebraska State Patrol based upon his ethnicity." Filing 1 at 6 (¶ 23). He alleges further,

> 24. The Petitioner was arrested, according to the I-213 [Filing 1-1], via an I-200 warrant for arrest however the I-200 was not produced and has not been served on Petitioner.

> 25. Petitioner has been detained without bond and without any particularized custody determination being made by the Immigration and Customs Enforcement.
>
> 26. The officer who detained the Petitioner had no reasonable suspicion that he had committed a crime. There was no warrant or wants for his arrest. He was not asked any questions by the officer regarding his status in the United States. He produced identification when asked. The I-213 continues and states that the "subject was served with a Warrant of Arrest" however not [sic] such warrant has been served. The Petitioner was not given any of the documents listed in the I-213. The only document the Petitioner was given was a copy of the I-213 which was given to him in the detention facility on September 17, 2026.

Filing 1 at 6–7 (¶¶ 24–26), 2 (¶ 5) ("Petitioner's detention became unlawful at its outset as he was arrested without reasonable suspicion, without a warrant and without probable cause or reason to believe that he had committed an immigration violation, or that he would flee before a warrant could be obtained.").

The I-213 submitted with Sebastian Lorenzo's Petition does not state a reason for the traffic stop, but it does contradict Sebastian Lorenzo's allegations concerning who arrested him and contains no statement that "subject was served with a Warrant of Arrest" as alleged in Sebastian Lorenzo's Petition. It states,

> On 09/08/26, Nebraska State Patrol (NSP) encountered Jose Sebastian Lorenzo during a routine traffic stop. The subject provided an identification card from Guatemala and a drivers license from New Mexico. It is common practice for an individual that is residing illegally in the United States to obtain a drivers license from New Mexico because than [sic] cannot legally obtain one from the State of Nebraska. (New Mexico does not verify an individual's immigration status). Because of this, the NSP officer had reasonable suspicion that the subject did not have any immigration status and may be illegally present in the U.S. NSP 287g Officer Buhlke contacted the Grand Island, NE ICE/ERO office to verify the subject's immigration status.
>
> I [Deportation Officer Adams] traveled to the location of the vehicle stop and identified myself as an immigration officer. I questioned the subject as to his citizenship and he stated that he is a native citizen of Guatemala by virtue of birth. Subject stated that he did not have any immigration documents allowing him to remain or live in the U.S. legally. At the scene, I took the subject into immigration custody without an administrative warrant due [to] the subjects [sic] ability to promptly depart the scene of the encounter and unlikeliness of the subject to be located at another clearly identifiable location before i [sic] would be able to return.

> I then transported the subject to the ICE/ERO office located in Grand Island, NE for processing. The subject was issued a Notice to Appear (NTA) [Filing 1-2]. I advised subject of his right to speak to a consular officer from Guatemala, and they declined.

Filing 1-1 at 3. The I-213 also states, "Subject was in possession of an identification card from Guatemala." Filing 1-1 at 4.

The I-213 states the current administrative charges against Sebastian Lorenzo resulting from the encounter as "[INA] 212a6Ai [8 U.S.C. § 1182(a)(6)(A)(i)] - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE [and] [INA] 212a7AiI [8 U.S.C. § 1182(a)(7)(A)(i)(I)]– WITHOUT AN IMMIGRANT VISA." Filing 1-1 at 3. This is consistent with I-862 Notice to Appear issued the same day and attached to Sebastian Lorenzo's Petition charging him with being subject to removal on the following grounds:

> 212(a) (6) (A) (i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.
>
> 212(a) (7) (A) (i) (I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

Filing 1-2 at 4. These charges are also the ones Sebastian Lorenzo states were brought as the basis for removal proceedings, although he describes that latter charge as "implausibl[e]." Filing 1 at 5–5 (¶ 14).

Sebastian Lorenzo alleges that since his arrest, he has been detained in civil immigration custody at Lincoln County Detention Center in North Platte, Nebraska, and he names as a Respondent the Warden of the Lincoln County Detention Facility. Filing 1 at 3 (¶ 8), 6 (¶ 21); *but see* Filing 1 at 2 (¶ 2) (alleging that Sebastian Lorenzo "remains in civil detention in the custody

of the Department of Homeland Security's ('DHS') Immigration and Customs Enforcement ('ICE') at the McCook Detention Facility in McCook, Nebraska.").

In his Petition filed on November 13, 2026, through counsel, Sebastian Lorenzo asserts four causes of action. The first alleges "Violation of the Due Process Clause of the Fifth Amendment of the United States Constitution" based (1) on Sebastian Lorenzo's allegedly unjustified continued detention, and (2) his apprehension during a routine traffic stop and despite producing "documentation and permission to drive" he "was then placed in a cruiser under arrest while an investigation ensued." Filing 1 at 20 (¶¶ 66–67). The second cause of action alleges "Violation of Immigration and Nationality Act" based on Sebastian Lorenzo's allegedly wrongful detention under 8 U.S.C. § 1225(b)(2) without bond instead of under 8 U.S.C. § 1226(a) and the wrongful adoption of "a policy and practice arguing all noncitizens, such as Petitioner, are subject to mandatory detention under § 1225(b)(2)." Filing 1 at 21 (¶¶ 70–72). The third cause of action alleges "Violation of The Fourth Amendment of the US Constitution" based on the enforcement of § 1225(b)(2) inside the United States allegedly compelling persons to demonstrate their legal status in the United States and to seek admission upon any interaction with immigration officers instead of requiring police to have a warrant or probable cause that a person committed a crime to arrest that person. Filing 1 at 21–22 (¶ 73). The fourth cause of action alleges "Violation of the Fourteenth Amendment of the Constitution" based on (1) an alleged violation of equal protection by subjecting Sebastian Lorenzo to an illegal arrest "simply because he was brown and could not proof [sic] legal status in the United States" and was driving while "looking illegal" and (2) based on his contention that § 1225(b)(2) "allows for the loss of life, liberty, and property based upon ethnicity." Filing 1 at 22–23 (¶ 74).

## II. LEGAL ANALYSIS

### A. Standards for § 2241 Habeas Relief

As pertinent here, the habeas statute at issue, 28 U.S.C. § 2241, provides in pertinent part that a writ of habeas corpus extends to a person "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). "[A] habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus '*may* be granted.'" *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court). Indeed, the applicable procedural statute for a writ of habeas corpus pursuant to § 2241 states in part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

"Habeas is at its core a remedy for unlawful executive detention." *Manaf*, 553 U.S. at 693 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (plurality opinion)). To put it another way, "Habeas has traditionally been a means to secure *release* from unlawful detention. . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis in the original); *Munaf*, 553 U.S. at 693 ("The typical remedy for such detention [under § 2241(c)(3)] is, of course, release." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), which states, "[T]he traditional function of the writ is to secure release from illegal custody")). The Supreme Court has recognized that § 2241(c)(3) confers on a district court jurisdiction to hear habeas corpus challenges by aliens to

the legality of their detention. *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004) ("[Alien] Petitioners contend that they are being held in federal custody in violation of the laws of the United States. . . . Section 2241, by its terms, requires nothing more."); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("We note at the outset that the primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear these cases," which were brought by aliens challenging their detention after they were ordered removed (citing 28 U.S.C. § 2241(c)(3))).

Here, the Court concludes that even taken as true Sebastian Lorenzo's allegations of fact fail to state a claim for habeas relief, so no hearing is required. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))). Therefore, the Court has considered Sebastian Lorenzo's Petition without requiring a return from Respondents or a hearing. The Court has instead applied Federal Rule of Civil Procedure 12(b)(6) pleading standards to Sebastian Lorenzo's § 2241 Petition to determine whether it states a plausible claim upon which habeas relief can be granted. *See* Rules Governing Section 2254 Cases, Rule 1(b) (a court may apply these rules to a habeas corpus petition not made pursuant to 28 U.S.C. § 2254), Rule 12 (the Federal Rules of Civil Procedure may apply if they are not inconsistent with a statute or the Section 2254 Rules).

### B. Sebastian Lorenzo Is Not Entitled to Relief under § 2241

Sebastian Lorenzo's claims for habeas relief are remarkably similar to those asserted in a prior case in which the petitioner was represented by the same counsel as Sebastian Lorenzo and the undersigned denied relief after briefing. *See Santiago Lopez v. Trump*, No. 4:26CV3286, 2026 WL 3151013 (D. Neb. Oct. 21, 2026). Although the Court will consider each of Sebastian

Lorenzo's claims for habeas relief in turn, the Court will do so in a more abbreviated manner than it did in *Santiago Lopez*.

*1. The Alleged Fifth Amendment Due Process Violation*

Sebastian Lorenzo's assertion of a Fifth Amendment due process violation has two grounds: (1) Sebastian Lorenzo's allegedly unjustified continued detention, and (2) his apprehension during a routine traffic stop and despite producing "documentation and permission to drive" he "was then placed in a cruiser under arrest while an investigation ensued." Filing 1 at 20 (¶¶ 66–67). Neither ground warrants habeas relief.

a. Sebastian Lorenzo's Unlawful Detention Claim Lacks Merit

Sebastian Lorenzo asserts that the three-factor test in *Mathews v. Eldridge*, 424 US 319, 333 (1976), is relevant to what process is due. Filing 1 at 9 (¶ 33). The Court concludes that Sebastian Lorenzo's detention pending removal does not require application of such a balancing test because "[t]he rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid.'" *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510, 523 (2003)). More specifically, in *Banyee*, the Eighth Circuit explained that the Supreme Court's decisions in *Demore* and *Zadvydas v. Davis*, 533 U.S. 678 (2001), "leave no room for a multi-factor 'reasonableness' test," such as the one in *Mathews*, because the Supreme Court has instead opted for "a bright-line rule" that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Banyee*, 115 F.4th at 933 (citing *Demore*, 538 U.S. at 527 (majority opinion)). Thus, the Court will not apply a balancing test to Sebastian Lorenzo's due process claim challenging his detention because his removal proceedings are still pending.

As to the proper analysis, in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), the Eighth Circuit explained,

In defining [applicant for admission], § 1225(a)(1) reads as follows:

> An alien present in the United States who has not been admitted or who arrives in the United States ... shall be deemed for purposes of this chapter an applicant for admission.

*Avila*, 170 F.4th at 1133 (quoting § 1225(a)(1)). Sebastian Lorenzo was present in the United States and he was not admitted, so he plainly fell within the definition of an "applicant for admission." *See* 8 U.S.C. § 1225(a)(1). As the Eighth Circuit explained in *Avila*, "[Section] 1225(b)(2)(A) authorizes detention without bond for 'an alien who is an applicant for admission, if . . . an alien seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Avila*, 170 F.4th at 1132 (quoting § 1225(b)(2)). Sebastian Lorenzo has never been admitted; thus, he was subject to mandatory detention as an "applicant for admission" when he was detained. *Id*. The Court sets out the reasons for the proper application of § 1225(b) to Sebastian Lorenzo in more detail below in § II.B.2.

Sebastian Lorenzo fails to state a plausible claim of detention in violation of due process on which habeas relief can be granted.

b. Sebastian Lorenzo's Unlawful Arrest Claim Lacks Merit

The second part of Sebastian Lorenzo's due process claim is based on his apprehension during a routine traffic stop and despite producing "documentation and permission to drive" he "was then placed in a cruiser under arrest while an investigation ensued." Filing 1 at 20 (¶¶ 66–67). This ground also lacks merit. The Court rejects Sebastian Lorenzo's unlawful arrest claim in his first cause of action—whether framed as a Fifth Amendment or a Fourth Amendment violation—because it is not a cognizable claim for § 2241 habeas relief. Again, the Supreme Court has explained, "Habeas is at its core a remedy for unlawful executive detention." *Manaf*, 553 U.S. at 693 (citing *Hamdi*, 542 U.S. at 536 (plurality opinion)). Santiago Lopez's detention is for an alleged immigration violation, and his arrest is too far afield from that detention to warrant habeas

relief. To put it another way, § 2241 does not provide for relief except in enumerated circumstances. 8 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless" one of the listed circumstances applies). Sebastian Lorenzo's challenge to his initial arrest is not a claim for relief within the scope of the only possible § 2241 circumstance applicable to his case, which is that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). Because Sebastian Lorenzo's challenge to his initial arrest is not a challenge to his ongoing detention for alleged immigration violations, it is not a basis for § 2241 relief.

This second part of Sebastian Lorenzo's due process claim fails to state a plausible claim for habeas relief.

2. *Sebastian Lorenzo's Claim of Violation of the Immigration and Nationality Act Lacks Merit*

Sebastian Lorenzo's second cause of action alleges "Violation of Immigration and Nationality Act" based on his allegedly wrongful detention under 8 U.S.C. § 1225(b)(2) without bond instead of under 8 U.S.C. § 1226(a) and the wrongful adoption of "a policy and practice arguing all noncitizens, such as Petitioner, are subject to mandatory detention under § 1225(b)(2)." Filing 1 at 21 (¶¶ 70–72). This claim lacks merit.

This Court finds the Eighth Circuit's decision in *Avila* is largely controlling on this issue, notwithstanding Sebastian Lorenzo's attempts to evade that decision's impact. Sebastian Lorenzo argues that in *Avila* the Eighth Circuit was interpreting merely the statement "seeking admission," but the key question under the immigration detention statutes is the purpose of the immigration officer at the time of the encounter. Filing 1 at 13 (¶ 45). However, in *Avila*, the Eighth Circuit rejected a reading of *Jennings v. Rodriguez*, 583 U.S. 281 (2018), as interpreting § 1225 to apply to aliens detained at the border and § 1226 to apply to aliens detained in the interior. 170 F.4th at 1136 (explaining that "this characterization was offered only as general background information"

not as resolution of an interpretation issue). The Eighth Circuit explained that even if § 1226 generally authorizes the Government to detain certain aliens already in the country, "this does not preclude other statutory provisions—such as § 1225(b)(2)(A)—from also applying to such aliens." *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505 (5th Cir. 2026), and 8 U.S.C. § 1225(a)(1)). The *Avila* court explained further that § 1225(a)(1) is not limited to an "arriving alien"; instead, it applies to "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). *Id.* at 1133. In *Avila*, the Eighth Circuit soundly rejected a reading of § 1225(b)(2)(A) as treating "applicant for admission" and "seeking admission" as separate elements. *Id.* at 1133–35 (concluding that the two phrases were "equivalent," so that "seeking admission" was not a separate element under § 1225(b)(2)). Because there is no evidence or even an allegation that Sebastian Lorenzo arrived at a port of entry and was admitted, he fell within the definition of an "applicant for admission" as "[a]n alien present in the United States who has not been admitted" set out in § 1225(a) as interpreted by the Eighth Circuit when he was encountered in the United States on September 8, 2026.

Next, the court in *Avila* stated, "[Section] 1225(b)(2)(A) authorizes detention without bond for 'an alien who is an applicant for admission, if . . . an alien seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Avila*, 170 F.4th at 1132 (quoting § 1225(b)(2)). Sebastian Lorenzo's I-213 shows that he "stated that he crossed the U.S. border illegally." Filing 1-1 at 3. Neither the statute nor *Avila* prohibits law enforcement officers besides immigration officers from reviewing an alien's immigration records, if any, to determine whether the alien has already been clearly and beyond a doubt determined to be entitled to be admitted. Where no DHS or ICE official ever made any determination that Sebastian Lorenzo is "clearly and beyond a doubt entitled to be admitted," a law enforcement officer could act on the information provided to him by ICE from a review of DHS records, as occurred in this case. Sebastian Lorenzo was then

properly detained pursuant to § 1225(b)(2)(A). In the circumstances of the stop of Sebastian Lorenzo's vehicle, the state trooper did not conduct an "inspection"; rather, the state trooper acted on the lack of an "inspection" by an immigration officer and the lack of a determination by any immigration officer that Sebastian Lorenzo was entitled to be admitted. Because Santiago Lopez's detention is proper pursuant to § 1225(b), there is no statutory authorization for a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (explaining that "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings").

The Court also finds unavailing Sebastian Lorenzo's argument that the United States Constitution requires that § 1225 apply only to applicants for admission who are being inspected at the border not to all unadmitted aliens in the United States. Filing 1 at 12 (¶ 43). As explained above in § II.B.1.a., in *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the Eighth Circuit explained that "[t]he rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid.'" *Banyee*, 115 F.4th at 931 (quoting Demore, 538 U.S. at 523). That statement was not dependent in any way on the location in which an alien illegally present in the United States is encountered. Thus, the place of encounter inside the United States does not make the application of § 1225 contrary to the United States Constitution.

This claim fails to state a plausible claim for habeas relief.

*3. Sebastian Lorenzo's Fourth Amendment Claim Lacks Merit*

Sebastian Lorenzo's third cause of action asserts "Violation of The Fourth Amendment of the US Constitution" based on the enforcement of § 1225(b)(2) inside the United States allegedly compelling persons to demonstrate their legal status in the United States and to seek admission upon any interaction with immigration officers instead of requiring police to have a warrant or

probable cause that a person committed a crime to arrest that person. Filing 1 at 21–22 (¶ 73).[1] This claim lacks merit.

Enforcement of § 1225 does not require aliens to "seek admission" upon any interaction with law enforcement officers; their status as "applicants for admission" and thus "seeking admission" is established by their presence in the United States without being admitted. 8 U.S.C. § 1225(a)(1); *Avila*, 170 F.4th at 1133–35 (concluding that the two phrases were "equivalent," so that "seeking admission" was not a separate element under § 1225(b)(2)). If a law enforcement officer's check of identification leads to probable cause to believe that the person is an alien who has not been admitted to the United States—as was the case here—it is the records check and resulting probable cause that the person is here illegally that may lead to detention of the alien. *United States v. Quintana*, 623 F.3d 1237, 1241 (8th Cir. 2010); *see also Arizona v. United States*, 567 U.S. 387, 408 (2012) (explaining that state officers "may arrest an alien for being 'in the United States in violation of any [immigration] law or regulation,' but only where the alien 'is likely to escape before a warrant can be obtained.'" (quoting 8 U.S.C. § 1357(a)(2)). There was no Fourth Amendment violation from enforcement of § 1225(b)(2) within the United States under applicable law. Certainly, in Sebastian Lorenzo's case, there was no Fourth Amendment violation in a warrantless arrest where the deportation officer who actually effected the warrantless arrest was concerned that Sebastian Lorenzo would be able to depart the scene promptly and ICE officers would then be unlikely to locate him in another location before the deportation officer could return with a warrant. Filing 1-1 at 3; *Quintana*, 623 F.3d at 1241.

This claim fails to state a plausible claim for habeas relief.

---

[1] This claim, like the similar claim in *Santiago Lopez*, is built on a faulty premise of misstating the supposed holding in *Noem v. Vasquez* Perdomo, 606 U.S. ___, 146 S. Ct. 1 (2025) (Mem.), as establishing controlling law, but it does not. *See Santiago Lopez*, 2026 WL 3151013, at *13. Counsel's failure to correct that error in this later Petition is disturbing.

*4. Sebastian Lorenzo's Fourteenth Amendment Claim Lacks Merit*

Sebastian Lorenzo's last cause of action alleges "Violation of the Fourteenth Amendment of the Constitution" based on (1) an alleged violation of equal protection by subjecting Sebastian Lorenzo to an illegal arrest "simply because he was brown and could not proof [sic] legal status in the United States" and was driving while "looking illegal" and (2) based on his contention that § 1225(b)(2) "allows for the loss of life, liberty, and property based upon ethnicity." Filing 1 at 22–23 (¶ 74). The Court finds that this claim on its face warrants no relief.

Sebastian Lorenzo's allegation that he was stopped "because he was brown" and "look[ed] illegal" is speculation. Although no traffic violation is identified as the basis for the traffic stop, the stop is identified as a "routine traffic stop" by a state trooper, which provides no reasonable inference that Sebastian Lorenzo's appearance had anything to do with the stop. Filing 1-1 at 3. Certainly, the stated reasons for the state trooper's suspicion that Sebastian Lorenzo was in the United States illegally make no mention of Sebastian Lorenzo's appearance; the reason for that suspicion is stated in the I-213 to be an identification card from Guatemala and a drivers license from New Mexico, which the trooper recognized as a common practice for individuals residing illegally in the United States. Filing 1-1 at 3. Neither the request for Sebastian Lorenzo's identification nor the check of that identification for immigration status was an illegal search because both were proper incident to a traffic stop. *United States v. Hamdan*, 168 F.4th 1087, 1091 (8th Cir. 2026) ("A traffic stop's 'routine tasks' also 'may include asking a passenger for identification and running a computer check if the passenger consents to the request for identification." (*United States v. Ward*, 140 F.4th 945, 951 (8th Cir. 2025)). Sebastian Lorenzo was then properly detained without a warrant when the check provided probable cause to believe that he was in the United States in violation of immigration law, *see Quintana*, 623 F.3d at 1241; *Arizona v. United States*, 567 U.S. at 408, and the deportation officer who ultimately made the

immigration arrest had a reasonable concern that Sebastian Lorenzo was likely to escape where he was stopped in a vehicle on highway, *see Quintana*, 623 F.3d at 1241.

Sebastian Lorenzo's contention that § 1225(b)(2) "allows for the loss of life, liberty, and property based upon ethnicity," Filing 1 at 22–23 (¶ 74), is conclusory and wrong as a matter of law. Section 1225(b)(2) allows for detention pending removal based on illegal presence in the United States and applies to all illegal aliens whatever their ethnicity.

This claim fails to state a plausible claim for habeas relief.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that because it appears from the Petition alone that Petitioner Jose Sebastian Lorenzo is not entitled habeas relief,

1. Petitioner Jose Sebastian Lorenzo's Application for Issuance of Order to Show Cause, Filing 2, on November 13, 2026, is denied; and

2. Petitioner Jose Sebastian Lorenzo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Filing 1, is also denied.

The Clerk of Court shall close the case.

Dated this 19th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge